IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRYSTAL DODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-00733-BCW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court are Plaintiff Crystal Dodd's brief seeking judicial review of a final decision by Defendant Commissioner of Social Security (Doc. #9), Commissioner's brief in support of the Commissioner's decision (Doc. #10), and Dodd's reply brief (Doc. #11).

This matter involves the appeal of the Commissioner's final decision denying Dodd's applications for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* ("Act") and for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (also the "Act"). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). The Court must determine whether the Commissioner's finding that Dodd was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id.

## BACKGROUND

On January 2, 2008, Dodd filed an application seeking a period of disability and disability insurance benefits under Title II of the Act and seeking supplemental security income benefits based on disability under Title XVI of the Act. Before her alleged onset date of disability, Dodd worked as a cleaner, cashier, car hop, and babysitter. She appeared before Administrative Law Judge Raul Pardo ("ALJ Pardo") on December 1, 2009. On December 21, 2009, ALJ Pardo found Dodd was not disabled as defined under the Act.

On October 29, 2010, the Appeals Council reversed ALJ Pardo's decision and remanded the case for further consideration of Dodd's abdominal pain and cognitive limitations. Dodd appeared before Administrative Law Judge George Bock ("ALJ Bock") on March 10, 2011. On April 11, 2011, ALJ Bock found Dodd was not disabled as defined under the Act.

ALJ Bock considered Dodd's impairments using the required five-step sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920. At step one, ALJ Bock found Dodd had not engaged in substantial gainful activity since November 23, 2007, the alleged disability onset date. At step two, ALJ Bock found Dodd had severe impairments of irritable bowel syndrome, abdominal pain, migraine headaches with no recent treatment, complaints of low back pain with evidence of mild degenerative disc disease and mild scoliosis, possible seizure disorder, and adjustment and anxiety disorders. At step three, ALJ Bock found that none of Dodd's impairments equaled a listed impairment under 20 C.F.R. §§ 404.1525, 404.1526.

Before reaching step four, ALJ Bock was required to determine Dodd's residual functional capacity ("RFC"). Based on all of the evidence, ALJ Bock determined Dodd had the RFC to perform light work and found the following: she can lift, carry, push, and pull a maximum of twenty (20) pounds occasionally and ten (10) pounds frequently; stand or walk for

six (6) of eight (8) hours; sit for six (6) of eight (8) hours; occasionally perform all postural positions but cannot work on ladders, ropes, scaffolding; cannot work around extremes of heat, cold, vibrations, other hazards, or unprotected heights; needs an extra five-minute bathroom break in the morning and afternoon to accommodate irritable bowel symptoms; and mentally, is restricted to repetitive work with no public interaction and no detailed tasks.

ALJ Bock then determined at step four Dodd is unable to perform any past relevant work. Finally, ALJ Bock proceeded to step five under the assumption Dodd could not perform any past relevant work and found, based upon Dodd's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Dodd could perform. Based on the testimony of a vocational expert utilizing this RFC, ALJ Bock found Dodd was able to perform jobs of price maker, routing clerk, and office helper and such jobs existed in significant numbers in the national economy. Thus, ALJ Bock found Dodd was not disabled as defined under the Act. The Appeals Council denied Dodd's request for review on June 21, 2011, which made ALJ Bock's decision the Commissioner's final decision.

Dodd argues ALJ Bock committed reversible error in failing to comply with the Appeals Council's instructions in its Order dated October 29, 2010, and such error led to ALJ Bock's failure to fully develop the record. Dodd further argues ALJ Bock's decision was not supported by substantial evidence on the record as a whole because the ALJ erred in his determination of Dodd's RFC for multiple reasons.

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument at a hearing on September 4, 2012. Dodd and the Commissioner each appeared by counsel. Based upon the

- 3 -

Case 4:11-cv-00733-BCW   Document 16   Filed 11/02/12   Page 3 of 10

parties' arguments and a thorough and complete review of the entire administrative record, the Court affirms the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## I.  ALJ BOCK COMPLIED WITH THE APPEALS COUNCIL'S ORDER

The Appeals Council's Order dated October 29, 2010, instructs an Administrative Law Judge on remand to:

> Obtain additional evidence concerning the claimant's abdominal impairment in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence . . . The additional evidence may include, if warranted and available, a consultative examination and medical source statements about what the claimant can still do despite the impairment.

(Tr. 59).

Dodd argues ALJ Bock failed to meet his burden to fully and fairly develop the record because he failed to comply with the Appeals Council's Order. Dodd contends ALJ Bock should have contacted Dodd's treating physician to obtain additional information and there is no indication in the record that ALJ Bock made any attempt to do so. Dodd further argues ALJ Bock failed to obtain or make any attempt to obtain a physical consultative examination of Dodd.

The Commissioner argues ALJ Bock properly followed the Appeals Council's Order because Dodd supplied ALJ Bock with records from her gastroenterologist, Dr. Merritt, from June 2010 and February 2011, and those records show an extensive workup of Dodd's abdominal condition was negative. In light of that additional information, the Commissioner argues ALJ Bock did not need to obtain a consultative examination to ascertain Dodd's abdominal impairment.

- 4 -

During oral argument, Dodd agreed medical records were submitted to ALJ Bock but argued no opinion addressing all of Dodd's impairments was submitted to ALJ Bock. As a result, Dodd argued, ALJ Bock failed to comply with the Appeals Council's Order.

The Court disagrees and finds ALJ Bock followed and complied with the Appeals Council's Order. The Order instructed ALJ Bock to "obtain additional evidence concerning [Dodd]'s abdominal impairment . . . ." ALJ Bock received records from Dodd's gastroenterologist, Dr. Merritt, from June 2010 and February 2011, and those records related directly to Dodd's abdominal condition. It is irrelevant whether that information was obtained by Dodd supplying it to ALJ Bock, which is what occurred, or whether ALJ Bock contacted Dodd's treating physician, which did not occur. Regardless, ALJ Bock obtained additional evidence concerning Dodd's abdominal impairment, and such additional information completed the administrative record.

After receiving such additional information, ALJ Bock was not required to obtain a consultative examination and/or a medical source statement concerning Dodd's abilities and/or limitations considering her impairments. Because the Appeals Council's Order stated "[t]he additional evidence <u>may</u> include, <u>if warranted</u> . . . ," ALJ Bock was given discretion to decide whether either a consultative examination and/or a medical source statement was necessary to determine what Dodd can still do despite her impairments. Furthermore, the additional evidence ALJ Bock received from Dr. Merritt provided a sufficient basis for his determination, and he was permitted to issue his decision without obtaining a consultative examination and/or a medical source statement. <u>See</u> <u>Anderson v. Shalala</u>, 51 F.3d 777, 779 (8th Cir. 1995) ("An ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.") (citation omitted).

For these reasons, the Court finds ALJ Bock complied with the instructions in the Appeals Council's Order and thus, did not commit reversible error.

## II. ALJ BOCK'S RFC ASSESSMENT IS SUPPORTED BY SUBSTANTIAL EVIDENCE ON THE RECORD AS A WHOLE

The fourth step in ALJ Bock's sequential evaluation analysis required him to determine Dodd's RFC, and the burden was on Dodd to establish her RFC. Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) (citation omitted). Dodd argues ALJ Bock erred in determining Dodd's RFC by: (1) failing to link the medical evidence of record to support the limitations he found; (2) failing to contain any limitations regarding Dodd's severe impairment of migraine headaches; and (3) discounting Dodd's testimony about her symptoms and limitations.

### A. ALJ Bock's Credibility Assessment

In determining Dodd's RFC, ALJ Bock was required to evaluate Dodd's credibility and take into account all relevant evidence. Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005). Dodd contends ALJ Bock erred in failing to find her testimony credible and in discrediting her testimony before performing a proper credibility analysis. Dodd argues ALJ Bock erred in discrediting her subjective complaints of pain by failing to adequately explain his adverse credibility finding. ALJ Bock properly discredited Dodd's complaints of pain and description of her limitations.

In evaluating Dodd's subjective complaints, ALJ Bock was able to discount them if there were inconsistencies in the record as a whole. Guilliams, 393 F.3d at 801. In making this determination, ALJ Bock was required to:

> [G]ive full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work records, and observations by . . . treating and examining physicians related to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and

- 6 -

> aggravating factors; (4) dosage, effectiveness and side effects of medications; [and] (5) functional restrictions.

Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Although an ALJ may not reject a claimant's subjective complaints solely because there exists no evidence to support such complaints, the ALJ may disbelieve the claimant's subjective reports of pain because of inconsistencies. Eichelberger, 390 F.3d at 589 (citation omitted); Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004); Barrett v. Shalala, 38 F.3d 1019, 1022 (8th Cir. 1994) (citation omitted). Further, the absence of objective medical evidence supporting the degree of severity is a factor the ALJ may consider. Id. "The ALJ may discount subjective complaints of physical and mental health problems that are inconsistent with medical reports, daily activities, and other such evidence." Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). An ALJ does not need to explicitly discuss each Polaski factor; he or she only needs to acknowledge and consider those factors and set forth the inconsistencies in the record which cause him or her to reject the claimant's subjective complaints. Eichelberger, 390 F.3d at 590 (citation omitted).

Furthermore, the Court will "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (citation omitted). When a claimant alleges an ALJ failed to properly consider subjective complaints, the Court's duty "is to ascertain whether the ALJ considered all of the evidence relevant to the plaintiff's complaints of pain under the Polaski standards and whether the evidence so contradicts the plaintiff's subjective complaints that the ALJ could discount his or her testimony as not credible." Masterson, 363 F.3d at 738-39 (citation omitted).

The Court finds ALJ Bock discredited Dodd on a sufficient basis and adequately considered the entire record. ALJ Bock acknowledged and considered the Polaski factors before

discrediting Dodd's subjective complaints of pain. ALJ Bock supported his credibility assessment with a discussion of Dodd's prior work record, objective medical tests, Dodd's hospitalizations and medications, and opinions, diagnoses, and reports from treating and examining physicians, psychologists, and others. Also, ALJ Bock did not discredit her complaints in total and included some of her subjective limitations in the RFC assessment. He was in a better position to assess Dodd's credibility, and the inconsistencies between Dodd's allegations and the record evidence provides sufficient support for ALJ Bock's decision to discredit Dodd's complaints of pain.

The Court finds good reason and substantial evidence on the record as a whole supporting ALJ Bock's assessment of Dodd's credibility. ALJ Bock properly assessed Dodd's credibility, and the resulting conclusion that Dodd's claims lacked credibility is supported by substantial evidence. ALJ Bock included all of Dodd's credible limitations in his RFC assessment, and ALJ Bock's conclusions are supported by substantial evidence in the record.

### B. ALJ Bock's RFC Assessment

In the RFC assessment, ALJ Bock included certain limitations, such as Dodd needs an extra five-minute bathroom break in the morning and afternoon to accommodate irritable bowel symptoms and she is mentally restricted to repetitive work with no public interaction and no detailed tasks. Dodd argues ALJ Bock erred twice in determining these limitations; first, because ALJ Bock cited to no evidence in support of his conclusion regarding the five-minute bathroom break limitation, and second, because he failed to include any limitations in Dodd's RFC assessment for her migraine headaches even though he found she suffered from a "severe" impairment related to migraine headaches.

The Commissioner argues ALJ Bock properly found the five-minute bathroom break limitation because the objective evidence did not support Dodd's complaints of extensive bowel incontinence and ALJ Bock could consider the absence of supporting medical evidence in deciding whether to believe Dodd's complaints. The Commissioner also argues Dodd's RFC must include only Dodd's credible limitations, and her subjective complaints of migraine headaches as a disabling condition were contradicted by the following facts: Dodd's failure to seek recent medical treatment to relieve migraine headaches; the absence of prescription medication; and the absence of any treating physician indicating Dodd's headaches would limit her ability to work, require her to miss days from work, or need to leave work early.

ALJ Bock was responsible to formulate Dodd's RFC based upon all of the credible and relevant evidence of record, including medical records, observations of treating physicians and others, and Dodd's own description of her limitations. Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (citation omitted). The "relevant evidence" includes the claimant's own description of her pain and limitations. See Masterson, 363 F.3d at 738. ALJ Bock discounted Dodd's subjective complaints of her irritable bowel and migraine headache symptoms after finding they were not supported by all of the relevant evidence of record. ALJ Bock did not discredit her complaints in total and included some of her subjective limitations in the RFC assessment. Since ALJ Bock's assessment of Dodd's credibility was proper, as discussed above, he did not err by determining Dodd's limitations in the RFC assessment.

## CONCLUSION

The Court finds the Commissioner's determination that Crystal Dodd was not disabled was supported by substantial evidence on the record as a whole.

IT IS HEREBY ORDERED, pursuant to 42 U.S.C. § 405(g), the Commissioner of Social Security's determination is affirmed.

IT IS SO ORDERED.

DATE: <u>November 2, 2012</u>

<u>/s/ Brian C. Wimes</u><br>
JUDGE BRIAN C. WIMES<br>
UNITED STATES DISTRICT COURT